**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| COLLEEN DREW, Individually and on behalf of all others similarly situated,<br><br> Plaintiff,<br><br>v.<br><br>SHOE SHOW, INC., d/b/a SHOE SHOW and d/b/a SHOE DEPT. and d/b/a BURLINGTON SHOES,<br><br> Defendant. | Case No. 10-cv-656-JPG-PMF |

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

This matter comes before the Court on plaintiff Colleen Drew's response (Doc. 44) to the Court's April 13, 2011, order to show cause (Doc. 43) why her sealed motion for conditional collective action certification (Doc. 39) and memorandum in support (Doc. 40) should not be unsealed. In a two-sentence response without citation to any legal authority, Drew states that the documents should remain under seal because they contain confidential and proprietary information about Defendant Shoe Show, Inc.'s business which she has agreed with Shoe Show not to disclose. Shoe Show has not responded to the order or to the plaintiff's response to the order.

Judicial proceedings leading to a final decision and materials on which a judicial decision rests are presumptively in the public domain. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031 (7th Cir. 1996); *cf. Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). There is a common law right of access to documents filed in litigation. *Methodist Hosps.*, 91 F.3d at 1031; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978). "Public scrutiny over the court

system serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding." *Grove Fresh*, 24 F.3d at 897; *see generally Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). "Though its original inception was in the realm of criminal proceedings, the right of access has since been extended to civil proceedings because the contribution of publicity is just as important there." *Grove Fresh*, 24 F.3d at 897. The common law holds that "court files and documents should be open to the public unless the court finds that its records are being used for improper purposes." *Grove Fresh*, 24 F.3d at 897. There are exceptions, however, to the general rule of public access to court documents. For example, a court may seal records to protect trade secrets or other kinds of information deserving of long-term confidentiality. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002); *see Nixon*, 435 U.S. at 598 (to protect business information that could harm litigant's competitive standing).

In addition to this common law right of access to court documents, there is a constitutional right of access to court records. *Grove Fresh*, 24 F.3d at 897; *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982). "The First Amendment presumes that there is a right of access to proceedings and documents which have historically been open to the public and where the disclosure of which would serve a significant role in the functioning of the process in question." *Grove Fresh*, 24 F.3d at 897 (internal quotations omitted). "This presumption is rebuttable upon demonstration that suppression 'is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Grove Fresh*, 24 F.3d at 897 (quoting *Press-Enter. Co. v. Superior Court of Cal.*, 464 U.S. 501, 510 (1984)). "[W]hen a court finds that the presumption of access has been rebutted by some countervailing interest, that 'interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure

order was properly entered.'" *Grove Fresh*, 24 F.3d at 898 (quoting *Press Enter.*, 464 U.S. at 510).

The Court has reviewed the sealed documents and has found that they contain a variety of information about Shoe Show's business, some of which could arguably be confidential and proprietary and some of which clearly is not. However, neither party has specified which information it believes warrants remaining under seal and what legal authority supports that position, and the Court will not perform that analysis for the parties. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990). The secrecy the parties chose to maintain among themselves is one matter; the secrecy they would like to impose upon public Court records is another.

Because no party has shown that maintaining the secrecy of Drew's motion for conditional collective action certification (Doc. 39) and memorandum in support (Doc. 40) is vital and outweighs the common law and constitutional rights of the public to view those documents, the Court **DIRECTS** the Clerk of Court to **UNSEAL** Drew's motion for conditional collective action certification (Doc. 39) and memorandum in support (Doc. 40), including the exhibits attached thereto.

Since the Court issued its order to show cause, Shoe Show has filed its response to Drew's motion under seal without offering any justification. The Court **ORDERS** Shoe Show to **SHOW CAUSE** on or before May 27, 2011, why its response should not be unsealed. Drew shall have ten days from Shoe Show's filing to respond.

The Court further **ORDERS** that the parties may not file documents under seal in this case without advance permission from the Court sought by motion demonstrating good cause,

with the proposed sealed documents submitted to the Court for *in camera* review using the

submission method described in Section 2.10 of the CM/ECF User's Manual.

**IT IS SO ORDERED.**
**DATED: May 9, 2011**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**