# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

COLLEEN DREW, individually and on
behalf of others similarly situated,

        Plaintiff,

        v.

SHOE SHOW, INC., d/b/a SHOE SHOW
and d/b/a SHOE DEPT. and d/b/a
BURLINGTON SHOES,

        Defendant.

No. 10-cv-656-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Colleen Drew's motion for

reconsideration (Doc. 71) of the Court's September 19, 2011, order (Doc. 67) denying her

motion for conditional collective action certification pursuant to 29 U.S.C. § 216(b) (Doc. 39).

Defendant Shoe Show, Inc. has responded to the motion (Doc. 77). The Court also considers

Drew's motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (Doc.

73), to which Shoe Show has responded (Doc. 78).

## I.     Motion for Reconsideration (Doc. 71)

"A court has the power to revisit prior decisions of its own . . . in any circumstance,

although as a rule courts should be loathe to do so in the absence of extraordinary circumstances

such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v.*

*California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order

"may be revised at any time before the entry of a judgment adjudicating all the claims and all the

parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same

case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466

F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a

presumption against reopening matters already decided in the same litigation and authorizes

reconsideration only for a compelling reason such as a manifest error or a change in the law that

reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir.

2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

The Court denied Drew's motion for conditional collective action certification under §

216(b) because she failed to make the required "modest factual showing" that other salaried

store managers were similarly situated to her with regard to the amount of time they spent

performing non-managerial tasks such that they would be similarly categorized with respect to

overtime pay exemption status under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

213(a)(1).

Drew argues now that the Court misunderstood what was required to make a "modest

factual showing" when it (1) made credibility determinations and resolved factual disputes and

(2) required Drew to show "all store managers perform similar activities for the same percentage

of work time such that they are similarly situated with respect to the question of whether they are

properly categorized as exempt under the FLSA." Mem. & Order at 6.

The Court did not make credibility determinations or resolve factual disputes. It

examined whether Drew was competent to testify as to all the things about which she testified,

credited the testimony she was competent to give and disregarded the testimony she was not

competent to give. Furthermore, it is clear from reading the order as a whole that the Court did

not require Drew to show that all store managers spent the same percentage of time on certain

tasks. It only required her to show that other exempt store managers were similarly situated with

respect to their work relevant to the FLSA exempt classification, which she failed to do.

The Court notes that Drew seems to miss the significance of the fact that other store managers with the same duties are not similarly situated with respect to the FLSA if they perform them for different percentages of the time they work. For example, assume two managers both perform Duty A, a managerial duty, and Duty B, a non-managerial duty. If Manager A performs Duty A 80% of the time and Duty B 20% of the time, she is exempt; if Manager B performs Duty A 20% of the time and Duty B 80% of the time, she is not exempt. Thus, they can perform the same duties but are not similarly situated with respect to their work relevant to the FLSA.

Because Drew has not presented a compelling reason for reconsidering the Court's denial of conditional collective action certification under the FLSA, the Court will deny Drew's motion for reconsideration (Doc. 71).

## II.     Motion for Certification (Doc. 73)

The Court will further deny Drew's motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (Doc. 73). "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). The motion must also be filed "within a reasonable time after the order sought to be appealed." *Id.* (citing *Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)). Interlocutory appeals under § 1292(b) are disfavored, and the Court of Appeals will accept them only in exceptional cases. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 473-74 (1978)*; F.D.I.C. v. First Nat'l Bank of Waukesha, Wis.*, 604 F. Supp. 616, 620 (E.D.

Wis. 1985).

Although Drew filed her motion within a reasonable time after the order she seeks to appeal, the Court is not of the opinion that the issues decided in that order involve a controlling question of law as to which there is substantial ground for difference of opinion or that an immediate appeal from the order denying conditional collective action certification would materially advance the ultimate termination of this case. On the contrary, Drew simply disagrees with the way the Court has applied what it agrees is the law to the facts of this case. Moreover, even if the Court of Appeals were to resolve the questions of law Drew wants to present on appeal in Drew's favor, that decision would not control or expedite the outcome of the case. This is because, as explained above, the Court did not apply the principles of law Drew claims it did when it decided this case.

## III.    Conclusion

For the foregoing reasons, the Court **DENIES** Drew's motion for reconsideration (Doc. 71) and **DENIES** Drew's motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (Doc. 73).

**IT IS SO ORDERED.**
**Dated:  November 22, 2011**

s/ J. Phil Gilbert
**U.S. District Court Judge**