UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COLLEEN DREW,<br><br>   Plaintiff,<br><br> v.<br><br>SHOE SHOW, INC., d/b/a SHOE SHOW and d/b/a SHOE DEPT. and d/b/a BURLINGTON SHOES,<br><br>   Defendant. | No. 10-cv-656-JPG-PMF |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Shoe Show, Inc.'s motion for summary judgment (Doc. 65). Plaintiff Colleen Drew has responded to the motion (Doc. 80), and Shoe Show has replied to that response (Doc. 81).

The Court has set forth the background of this case in its September 19, 2011, order (Doc. 67):

> Drew worked as a store manager for a Shoe Dept. retail shoe store in Wood River, Illinois, from 2007 to February 2010. Shoe Dept. is one of the divisions of defendant Shoe Show Inc.; Shoe Show is the other division. As a store manager, Drew was required to work at least forty-eight hours per week, and often worked more than that. Drew alleges that her primary or significant duties were non-managerial and were of the sort typically performed by hourly workers. For example, she alleges she did not have any responsibility for hiring or firing the employees who worked in her store, was not given access to the information and did not have the authority necessary to develop her store, and was monitored, instructed and supervised by a district manager who was the *de facto* store manager. Nevertheless, Shoe Show Inc. classified Drew as "exempt" under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 213(a)(1).[1] Consequently, it did not pay Drew at a rate of one and one-half times her normal pay rate for hours worked over forty hours in one week as ordinarily required by

---

[1] 29 U.S.C. § 213(a)(1) states, in pertinent part, "The provisions of . . . section 207 of this title [overtime pay requirements] shall not apply with respect to – (1) any employee employed in a bona fide executive, administrative, or professional capacity . . . ."

29 U.S.C. § 207(a)(1).[2] Drew believes her classification as exempt was erroneous, was a willful attempt by Shoe Show Inc. to pay her less than the FLSA required and was part of a nationwide company practice. She believes other Shoe Show Inc. store managers in the Shoe Dept. and Shoe Show divisions share her plight.

Drew filed this lawsuit in August 2010 asserting the following claims:

Count I: a claim for failure to pay overtime wages in violation of the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a)(2);

Count II: a state law claim for money had and received; and

Count III: a state law claim for unjust enrichment.

In its September 19, 2011, order the Court denied conditional collective action certification of Count I under 29 U.S.C. § 216(b), so this action is now proceeding with a sole plaintiff.

In its pending motion, Shoe Show asks for summary judgment on Count I on the grounds that Drew's action was filed beyond the two-year statute of limitations applicable to non-willful unpaid overtime FLSA violations. *See* 29 U.S.C. § 255(a). It also seeks summary judgment on Counts II and III on the grounds that those claims require the same proof – failure to pay required overtime wages – as Count I and are therefore impliedly preempted by the FLSA. It also requests summary judgment on Counts II and III on alternate grounds.

In response, Drew argues that the three-year statute of limitations applies to Count I because Shoe Show's FLSA violation was willful but that it is premature to decide the statute of limitations issue because merits-based discovery has not occurred yet in this case. To this point,

---

[2]29 U.S.C. § 207(a)(1) states, in pertinent part,

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

2

discovery has focused on collective action issues. Accordingly, she asks the Court to deny or defer ruling on Shoe Show's motion pursuant to Federal Rule of Civil Procedure 56(d). Drew also concedes that Counts II and III are preempted by the FLSA.

Shoe Show replies that it does not object to the Court's deferring ruling on its summary judgment motion as to Count I pending further discovery but that it still requests immediate summary judgment on Counts II and III.

Count I

The Court will deny Shoe Show's motion for summary judgment on Count I without prejudice pursuant to Rule 56(d)(1). Rule 56(d) (formerly Rule 56(f)) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

"A party seeking the protection of Rule [56(d)] must make a good faith showing that it cannot respond to the movant's affidavits. The rule requires the filing of an affidavit stating the reasons for a claimant's inability to submit the necessary material to the court." *United States v. All Assets & Equip. of W. Side Bldg. Corp.*, 58 F.3d 1181, 1190 (7th Cir. 1995) (footnote and citation omitted); *accord Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n. 5 (7th Cir. 2000).

Drew has made a sufficient showing of good cause for her inability to respond to Shoe Show's motion with respect to Count I, and the Court finds it appropriate to deny the motion without prejudice pending merits-based discovery. The Court believes simply deferring a ruling on the motion is inappropriate because the pending motion for summary judgment itself is framed as if this were a collective action, which it is not. The Court also believes Shoe Show

3

may want to include additional evidence obtained in merits-based discovery in support of its summary judgment request. A revised summary judgment motion filed after the benefit of discovery would be more helpful to the Court to expeditiously decide whether summary judgment is warranted.

Counts II and III

With respect to Counts II and III, the Court will grant summary judgment on the grounds of implied preemption by the FLSA. *See Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 659-60 (N.D. Ill. 2007); *Sorensen v. CHT Corp.*, No. 03 C 1609, 2004 WL 442638, *5-*7 (N.D. Ill. Mar.10, 2004). However, it will only dismiss those claims *without prejudice*, as the Court in *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 183 (4th Cir. 2007), and *Anderson v. Sara Lee Corp.*, 383 Fed. App'x 279, 280 (4th Cir. 2010), indicated was appropriate for claims preempted by the FLSA. *See Nicholson v. UTi Worldwide, Inc.*, No. 3:09-cv-722-JPG-DGW, 2010 WL 551551, *7 (S.D. Ill. Feb. 12, 2010). The merits of the claim that Shoe Show owes Drew overtime pay will be resolved in Count I.

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Shoe Show's motion for summary judgment (Doc. 65). The Court **DENIES** the motion **without prejudice** to the extent it addresses Count I. The Court **GRANTS** the motion to the extent it address Counts II and III, and the Court **DISMISSES** Counts II and III **without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**Dated: December 15, 2011**

s/ J. Phil Gilbert
**U.S. District Court Judge**