UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COLLEEN DREW,<br><br>   Plaintiff,<br><br>  v.<br><br>SHOE SHOW, INC., d/b/a SHOE SHOW<br>and d/b/a SHOE DEPT. and d/b/a<br>BURLINGTON SHOES,<br><br>   Defendant. | No. 10-cv-656-JPG-PMF |

**MEMORANDUM AND ORDER**

  This matter comes before the Court for case management purposes of this Fair Labor Standards Act ("FLSA") case. The Court has been informed that the parties have reached a settlement in principle but that they have not yet reduced the agreement to writing. This settlement must be reviewed by the Court before this case can be dismissed pursuant to settlement.

  It is well-established that a party may not bargain away his rights under the FLSA to certain wage payment rates; this would defeat the statute's purpose of guaranteeing those wage rates. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 703-04 (1945). There is the same danger where parties settle claims; the end result may effectively circumvent the FLSA's requirements. For this reason, FLSA cases can only be settled under the supervision of the Secretary of the Department of Labor under 29 U.S.C. § 216(c) or by a stipulated judgment after a Court scrutinizes the proposed settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982), *cited with approval by Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986). Since the Department of Justice is not involved in this case, it can only be settled by a stipulated

judgment after Court scrutiny of the proposed settlement.  In its review of the proposed settlement, the Court will examine (1) whether the proposed settlement brings resolution to a bona fide dispute as opposed to simply accomplishing a waiver of statutory rights, (2) whether the proposed settlement is a reasonable compromise of the issues in dispute, (3) whether the proposed settlement was obtained fairly and not by overreaching by the defendants, and (4) any other matter relevant to the fairness of the settlement.  *See Lynn's Food*, 679 F.2d at 1354.

To facilitate the Court's scrutiny of the proposed settlement, the Court **ORDERS** that a hearing shall be held on April 4, 2012, at 10:00 a.m. in Benton, Illinois.  The parties are **ORDERED** to submit the proposed settlement agreement and a proposed stipulated judgment to the Court's proposed documents e-mailbox (jpgpd@ilsd.uscourts.gov) at least one week before the hearing.

**IT IS SO ORDERED.**
**Dated:  January 31, 2012**

                                                s/ J. Phil Gilbert
                                                **U.S. District Court Judge**